STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 CA 0823

JORGE RAMIREZ

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

JUDGMENT RENDERED: **MAR 0 4 2020**

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number C658016 • Section 22

The Honorable Timothy Kelley, Judge Presiding

* * * * * * *

Jorge Ramirez, D.O.C. #620953
Rayburn Correctional Center
Angie, Louisiana

APPELLANT, IN PROPER PERSON
PLAINTIFF—Jorge Ramirez


Debra A. Rutledge
Baton Rouge, Louisiana

ATTORNEY FOR APPELLEE
DEFENDANT—Louisiana
Department of Public Safety and
Corrections


* * * * * * *

BEFORE: MCCLENDON, WELCH, AND HOLDRIDGE, JJ.

**WELCH, J.**

Jorge Ramirez, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the "Department") and confined to the Rayburn Correctional Center, appeals a judgment of the district court dismissing his petition for judicial review of Administrative Remedy Procedure No. RCC-2016-851 ("ARP") and affirming the Department's final decision in the matter.[1]

Ramirez was sentenced on November 18, 2013 for one count of manslaughter and one count of attempted manslaughter. He was sentenced to 30 years in the custody of the Department for the manslaughter offense and 20 years in the custody of the Department for the attempted manslaughter offense.[2] In Ramirez's ARP, he claimed that he was a first felony offender and that he was eligible for parole after serving 33 1/3% of the imposed sentence pursuant to La. R.S. 15:574.4(A); thus, he sought the correction of his parole date eligibility. The Department denied the relief sought, maintaining that under the law, Ramirez was not eligible for parole until he had served at least 20 years in the custody of the Department and had reached the age of 45, and further, since he had been convicted of a crime of violence, that he also had to serve at least 85% of the sentence imposed upon him. Ramirez then instituted these proceedings, seeking judicial review of the Department's decision.

On July 30, 2018, the commissioner assigned to the matter issued a report recommending to the district court that the Department's decision be affirmed and that Ramirez's petition be dismissed. The commissioner noted that Ramirez was

---

[1] Ramirez initially filed an application for supervisory writs seeking review of the district court's judgment. This Court granted the writ for the limited purpose of remanding the matter to the district court with instructions to grant Ramirez an appeal pursuant to his notice of intent to seek supervisory review. **Jorge Ramirez v. Louisiana Department of Public Safety and Corrections**, 2019-0310 (La. App. 1st Cir. 4/23/19) (*unpublished writ action*).

[2] The record is not clear as to whether the sentences were ordered to run consecutive or concurrent to each other. However, the Department's sentence calculations indicate that they were ordered to run concurrent.

2

sentenced to the custody of the Department for a crime of violence, which restricts his parole eligibility beyond La. R.S. 15:574.4(A). The commissioner further noted that because of the date of his offense, La. R.S. 15:574.4(B) mandated that since Ramirez committed a crime of violence, he must serve at least 85% of the sentence imposed before he is eligible for parole consideration. Thus, the commissioner found that Ramirez's argument that he was eligible for parole under La. R.S. 15:574.4(A) after having served 33 1/3% of his sentence ignored the provisions of La. R.S. 15:574.4(B), which prohibits offenders, such as Ramirez, from obtaining parole consideration until he/she has served at least 85% of the sentence imposed. Accordingly, the commissioner concluded that Ramirez failed to establish that the Department's decision was arbitrary, capricious, manifestly erroneous, or in violation of his statutory or constitutional rights and recommended that the Department's decision be affirmed.

After considering the entire record of the proceedings, on September 11, 2018, the district court adopted the commissioner's recommendation and signed a judgment dismissing Ramirez's petition and affirming the Department's decision. After a thorough review of the record of these proceedings, we find no error in the judgment of the district court and find that the commissioner's recommendation, which the district court adopted as its own, adequately explains the decision. Thus, we affirm the district court's judgment in accordance with Uniform Rules—Courts of Appeal, Rule 2-16.2(A)(5), (6), (7), (8), and (10).

All costs of the appeal are assessed to the plaintiff/appellant, Jorge Ramirez.

**AFFIRMED.**